# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| BRANDON L. WRIGHT, ) | |
| ) | Case No. 1:21-cv-236 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| SANDRA DONAGHY, STEPHEN D. ) | |
| CRUMP, and RICHARD HUGHES, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Plaintiff, an inmate in the McMinn County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*Id.*) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I.  FILING FEE

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* (*Id.*) that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is incarcerated in the McMinn County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars

($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the McMinn County Jail and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under (28 U.S.C. §§ 1915(e)(2)(B) and 1915A) because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausibly claim. *Twombly*, 550 U.S. at 570.

However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

Plaintiff divides his complaint into three claims (Doc. 1 p. 3–6). Thus, the Court will summarize Plaintiff's allegations as to each claim in turn.

First, Plaintiff seeks relief from his conviction for theft (*Id.* at 3–4). Specifically, Plaintiff claims that (1) on January 4, 2020, two men assaulted him but officers arrested him for a theft charge before he could report that attack; (2) the prosecution did not enter any evidence of his guilt of the theft charge as an exhibit in his trial, and neither he nor his attorney was allowed to examine any evidence or cross-examine two officer witnesses at his trial; and (3) Defendant Judge Donaghy found him guilty of the theft charge because one of the men who attacked him owned a "company vehicle," while Plaintiff did not (*Id.*). Plaintiff also states that the public defender's office represented him for that trial per Defendant Judge Donaghy's appointment, that he has served his sentence for this conviction at one-hundred percent, and that he has appealed this conviction by asserting ineffective assistance of counsel based on the fact that he attended the trial "in handcuffs, manacles, shackles(,) and stripped clothes (*Id.* at 4). Plaintiff also notes that the district attorney told Plaintiff that his office would not prosecute Plaintiff's claim that he was assaulted (*Id.*).

Next, in his second claim, Plaintiff asserts that on January 28, 2017, "(he) was arrested and incarcerated based on false allegations" for charges of "aggravated rape, child abuse, aggravated assault(,) and vandalism," and that he was released from his eighteen-month incarceration for those charges when they were "'nollied'" and/or dismissed due to insufficient

evidence (*Id.* at 5). Plaintiff further claims that his counsel told him not to pursue this matter through legal action until more than one year after the date of dismissal of the charges and that, prior to dismissal of the charges, the public defender's office advised him to accept a plea deal, but he subsequently hired a private attorney because "members under Richard C(.) (H)ughes' administration was (sic) proven to be incompetent" (*Id.*).

In his third and final claim, Plaintiff asserts that he was charged with possession of paraphernalia and tampering with evidence based on a single glass pipe and that Defendant Judge Donaghy appointed Defendant Richard Hughes and the public defender's office to represent him for these charges, but a video showed "that the glass pipe was not intentional(l)y damaged, and that it was in fact the investigating officer that did damage the paraphern(a)lia" (*Id.* at 5–6). However, the public defender's office advised Plaintiff to accept a plea deal for two years of probation for these charges "'based on (his) best interest'" even though such plea was not in his best interest (*Id.* at 6).

Plaintiff has sued Judge Donaghy, Attorney General Stephen D. Crump, and Public Defender Director Richard C. Hughes (*Id.* at 3). As relief, Plaintiff seeks expungement of his record, financial compensation for his pain and suffering due to incarceration, and a public apology (*Id.* at 7).

**C.   Analysis**

First, it appears that at least one of the claims in Plaintiff's complaint may be time-barred.[1] However, even if the Court assumes that Plaintiff has timely raised the allegations in his complaint,

---

[1] Tennessee's one-year statute of limitations applies to Plaintiff's § 1983 claims in this action. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (federal district courts apply a state's statute of limitations to § 1983 claims); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (noting that Tennessee provides one-year statute of limitations for § 1983 claims); Tenn. Code Ann. § 28-3-104(a)(1)(B) (setting forth one-year statute of limitations for § 1983 claims).

none of them states a claim upon which relief may be granted under § 1983. Accordingly, the Court will dismiss the claims on this ground.

Specifically, Plaintiff's first claim for relief from his recent theft conviction based on acts of Defendant Judge Donaghy, the prosecution, and/or his defense attorney is not cognizable under §1983, as nothing in the complaint suggests that this conviction has been invalidated in any way. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (providing that a § 1983 action challenging an underlying conviction or sentence "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). And Plaintiff's allegation that the prosecutor declined to pursue criminal charges against the men Plaintiff claims attacked him is not cognizable under § 1983. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (providing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a § 1983 action to force the state to prosecute).

Next, in his second claim, Plaintiff states only that charges were brought against him that were later dismissed, and that these charges were based on false allegations (*Id.* at 5). Also, in his third claim, he states that charges were brought against him for paraphernalia and tampering with evidence, but a video proved he had not tampered with the glass pipe underlying those charges (*Id.* at 5–6). However, to the extent that Plaintiff seeks to assert that the Defendant Attorney General Crump is liable under § 1983 for seizing and incarcerating him for these criminal charges, Plaintiff has not alleged that Defendant Attorney General Crump was personally involved in his seizure or incarceration for these charges. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)

5

(providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Nor has Plaintiff set forth any facts from which the Court can plausibly infer that his seizures and incarcerations for these charges were unreasonable and therefore violated his constitutional rights. *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1158, 1160–61, 1164–65 (6th Cir. 2021) (noting that the Fourth Amendment prohibits only "'unreasonable' 'seizures'" and setting for the elements of a § 1983 malicious prosecution claim); *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) (providing that a claim for false imprisonment and arrest under § 1983 requires a plaintiff to establish that officers lacked probable cause for the imprisonment or arrest).

Moreover, it appears that Plaintiff seeks relief under § 1983 for the acts of his public defender attorneys[2] and/or the prosecution set forth in his complaint and seeks to hold Defendants liable for those acts. However, he does not allege that any Defendant was personally involved in any of these acts, and these allegations therefore fail to state a claim upon which relief may be granted as to any named Defendant. *Frazier*, 41 F. App'x at 764.

Additionally, none of Plaintiff's allegations allow the Court to plausibly infer that Defendant Judge Donaghy violated his constitutional rights in any way. But to the extent that Plaintiff seeks compensatory damages for any such claims, this Defendant has complete immunity from those claims. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985) (holding that judges are entitled to absolute judicial immunity from suits for money damages, including § 1983 suits, for all actions taken in their judicial capacity, subject to certain exceptions that do not appear to apply here).

---

[2] Notably, a public defender is not a state actor in his capacity as Plaintiff's attorney, and thus is not subject to liability for acts he takes in that capacity. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (providing that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983").

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant, and it will be **DISMISSED**.

III.  **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the McMinn County Jail and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

                                              */s/ Travis R. McDonough*
                                              **TRAVIS R. MCDONOUGH**
                                              **UNITED STATES DISTRICT JUDGE**